Honorable members of the Ninth Circuit Court of Appeals, my name is Christine Schlois. I am the attorney for Appellant Sharon Campbell in the matter of the United States v. Campbell. This appeal is about restitution and it is about whether for an offense which occurred in February of 1986, Judge Holland, not the trial judge, not the sentencing judge, was authorized some 10 years after the conviction to find that restitution could continue or requirements of restitution could extend beyond the expiration of probation for the next 20 years after Ms. Campbell's release. It turns on two things. First question is, was back then during that time period, there was a period between 1983 and 1987 when judges were authorized to issue orders of probation under the Federal Probation Act or under the Victim and Witness Protection Act. I think both sides here agree that under the Federal Probation Act, the FPA, the order of restitution expired with the termination of her probation which occurred in October of 1999. There are two questions then. Number one, did Judge Lew back in 1992 intend for restitution to be under the FPA or under the VWPA? And the second question is, if under the Victim and Witness Protection Act, was his intention to extend the order of restitution indefinitely into the future for at least 20 more years? We suggest to you the answer to the questions are, first of all, it was an order of probation which this court should find was issued under the Federal Probation Act. And the reason I say that is not simply because, as the government suggests, because of the fact that Judge Lew did say in his original judgment that restitution would be a special condition of probation and that the terms were to be set by the probation officer and placed her on probation for five years. Sure, that's an important consideration because the Ninth Circuit has said over and over that where restitution is ordered as a condition of probation, which it was here, and where the judge doesn't say, or even sometimes when he does, but certainly in cases where the judge does not specify the act that restitution was ordered on, it must be under the Federal Probation Act. That's not the only thing, though. The Victim and Witness Protection Act requires specific findings to be made about restitution, and I've laid them all out in the brief. There's no doubt when you look at the record that when Judge Lew ordered restitution, he did not make the requisite findings. So that's the second reason why this court should find it's under the Federal Probation Act. If you would address his findings, I thought that he had made various findings and that the question then would be whether they would match up with the Victim and Witness Protection Act requirements. He had said that he considered the defendant's earning ability and resources, and then also how much would be fair to give back to the victims, and he was balancing that when he actually reduced the amount of restitution. So I was wondering if you're discounting those findings or if your view is that they simply aren't sufficient? I think that it's important to remember where he made those findings. He made no findings when he imposed sentence in the original matter, when he issued the original judgment, and when he had the first sentence on January 7th of 1992. Those findings that you're talking about came later. The Ninth Circuit on Mrs. Campbell's first appeal held that the amount of restitution was not justified. He'd ordered $500,000 in restitution and really hadn't made any findings at all. That begs the question, because I realized the first time around that that wouldn't be legitimate at all. Now the question is, the restitution under which she potentially is suffering here is the one that I guess I'll call the second time around, when Judge Liu had to do it again. So are you suggesting we should just ignore his findings that he made that time and that we really need to look at the original imposition of restitution? Well, I think that in terms of what we're trying to do now is figure out what Judge Liu intended in terms of which he intended to impose a sentence on, because he never told us in either hearing. I don't think we're going to give him a third shot. What I think that tells us when we're trying to figure out what he intended is the absence of those findings the first time is a fair indication that he wasn't going, let's assume that Judge Liu knew the law and he knew that if he was imposing a sentence under the Victims and Witness Protection Act that he had to make specific findings. Well, we know that he didn't. And so when we're construing what was going on in his head when he was deciding this, that's a that's when we're making the construction and applying the rule of leniency. It seems to me that what that tells us is that he if he were going under that act, he would have made those findings in the first place. Then then it comes back from the Ninth Circuit and he does make some findings. I think that when we compare exactly what the act required and what he did, he addresses a couple of the requirements. He certainly doesn't address nearly all of them. So the long winded answer to your question is the absence the first time is one of the things that I think we have to factor in in deciding which act applied. And the fact that when it came back the second time, the findings were quite simply inadequate under the Victims Protection Act. One of the things that I'd like to briefly address now is let's let's assume I'm wrong and that we're not under the Victims Protection Act here. We're I mean, we're not under the Federal Probation Act. We are under the Victim and Witness Protection Act. That being the case, the cases from this court, I would suggest make fairly clear that in light of the special conditions of probation, which Judge Lew imposed and any any specifically set as directed by the probation office for a period of five years under those terms and under the act as it was, the Victims and Witnesses Act as it was then, the law required that the defendant that that put once the judge elected to put a limit or a time frame, then the probation officer was required to set up payments within that time frame, the five years. That is, the statute says that the defendant must make, the court may require that the defendant make restitution within a specific, within a specified period or in specified installments. And the end of such period or the last of such installment shall not be later than, and in this case it's the end of the period of probation if probation is ordered. So under Keith, as construed in House, a decision that this court, not from the Ninth Circuit but in the Sovereign Opinion, cited with approval, what we have is a rule that says when the court does that, when the court says, okay, you've got to do it within this specific time period, that's the time period that makes the defendant obliged to do it then. And if she doesn't do it under the Smith case, her choice is basically, you know, basically she has to show due diligence and either seek a reduction or else seek an extension. But the government has to act then too. They've got to do their job during that period of probation too. And it's during that period of time that they move to revoke her probation if she hasn't paid. Or they go to the court and they say to Judge Lew or to Judge Holland you need an extension. Isn't that generally the job of the probation officer? Sure. To notify, to file a petition to revoke her probation. Did the probation officer set up any kind of a schedule in this case? It's unclear from, he set up a schedule, but it wasn't a particularly sensible schedule because it doesn't make sense to me how she could have possibly under that schedule have paid $100,000 in five years. See, what you're, if I understand, if the judge orders immediate payment, $101,000, and she doesn't pay it, the government has 20 years to collect that. It's unclear to me if that's the case. I mean in Keith, the Ninth Circuit seemed to be saying we're going to read in five years after release from imprisonment. But I think the cases are not all that clear as to. Because if that were the case, it wouldn't seem to me it would be any different if you're given five years and don't make it. I guess I'm not quite understanding the question. Well, the judge says pay $100,000 immediately, and you don't. Okay. And at least one way of reading the statute is the government then has 20 years to pursue that. Instead, the judge says pay it in five years, or the probation officer says pay it in five years, and the defendant doesn't. Why? Why would the fact that the terms were more lenient mean that you were discharged of your obligation if you didn't honor it? Whereas if you were, if you didn't honor an immediate obligation, somehow there was a 20 year string on it. I guess. But your answer to that is there's a five year string, whether it's immediate or extended. That seems to be what the court was saying in Keith. But again, it's not all that clear. I mean, it's very interesting to me because the way that these cases read and the opinions read is we're putting these time limits for the benefit of the victims. We don't want the court to string this stuff out for 20 years because what's fair about that? The victim would probably prefer that it be strung out for 20 years rather than simply not pay it. Sure, but the court has a five year remedy and a fairer remedy to the victims. And that's what we're saying. When the court asks here, says, okay, probation officer, I'm going to leave it to you to set the terms. But I want this stuff paid in five years. Then it's to it's to the probation officer to see that the court's order is followed up. And if it's not followed up, holler in here or get sent to jail or or do something then during that period. I mean, we have a difficult case. You're trying to figure out what you meant. But the other circuit solved this dilemma by simply saying, you know, if you can't figure it out, then we opt for the Victim Witness Protection Act. And that's kind of the default. Absent a clear indication. We haven't said that in the Ninth Circuit, but why shouldn't we adopt that rule? Because then we wouldn't be trying to slice hairs on the issues. One I'm trying to pull that quote from because Judge Holland talked about that in his in his decision. But basically, it's a requirement of a clear indication that the other courts don't say in in in a case. Whereas here, the judge doesn't tell us which act he's applying it to. They're asking a clear indication to the contrary. Similar language to that. Then we're going to we're going to default over to to the Victim and Witnesses Protection Act. But that goes back to the argument that I started with. When you have you're saying that here we actually have a clear indication of the contrary. You're right. So that if you were to to follow those decisions from the from the other circuits in light of the fact that he did say, I'm imposing this as a special condition of probation and then all the other language, you know, the probation officers to find out what credit she has. She's not going to get credit. She's supposed to tell me all of her finances so that the probation officer has the authority to do what he what he needs to do. In light of that and in light of the absence of findings that gives you the indication of the contrary. Thank you. Thank you. May I please the court. My name is Richard Palmer. I'm representing the United States in this matter. And of course, identify the question before the court in this case is how long is the restitution judgment in this case enforceable? The defendant has argued that the restitution judgment was entered under the Federal Probation Act, which expired in 1987. Miss Campbell's crimes were she declined the credit union in 1986. And as Judge Holland denoted in his opinion, this was during a period where restitution could be ordered by district court under either the Federal Probation Act or the Victim Witness Protection Act. Obviously, the defendant is arguing that the Federal Probation Act applies because probation under that statute may only be ordered as a special condition of probation and is effective to be enforced only during that period of probation. That's when her probation period expired.  However, if we look at the judgment in this case, I think it's not clear because the district court did not state explicitly as this court and other courts have implored district courts to do so and to explicitly state whether they're ordering restitution under one statute or the other. However, there are several factors in this case that indicate, I believe, that restitution was ordered under the Victim Witness Protection Act. First, when Judge Liu ordered restitution, it was ordered to be effective immediately and enforceable during Miss Campbell's period of incarceration. The order during the restitution period would be that amounts that are unpaid would continue to be enforceable and the probation officer would be tasked to continue to collect probation. Under the Federal Probation Act, restitution was only enforceable during that period of probation. If this was indeed ordered under the Federal Probation Act, the United States could not collect during her period of incarceration and that was clearly not what Judge Liu was intending in his judgment. The restitution order was separately adjudged in the initial order where it was $500,000. That amount was excessive and, as previously been discussed, the matter was appealed to this court and the original $500,000 restitution order was vacated and remanded. I think it's interesting to note that in the unpublished decision of the court in that case, the court stated the second part of Campbell's restitution argument has merits. Effectively conceded an oral argument that the district court not only failed to make the necessary findings to support the ordered $500,000 restitution but that the amount of restitution required should not exceed the $101,000 that Campbell actually received from the credit union. Under these circumstances, the restitution portion of Campbell's sentence must be vacated and remanded for further proceedings. This court cited authority for that decision being United States v. Jackson, which was a decision that this court reached under the Victim Witness Protection Act. When the matter was remanded and Judge Lew entered an order reducing the amount of restitution to $101,000, he did note that based upon the information at its disposal, while the defendant's earning, ability, and upon consideration of the defendant's financial resources, this court finds that restitution in the amount of $101,000 reflects both the just payment to the victims of a defense crime and the defendant's ability to make restitution. These are findings consistent with the Victim Witness Protection Act. Also, it's important to note that the findings of the ability to pay are critical as a finding for the Victim Witness Protection Act, but they're not necessary under the Federal Probation Act. Were you involved in that hearing? No, I was not, Your Honor. Did your office call to the judge's attention the necessity of making findings under the Witness Protection Act? I do not know, Your Honor, whether that was brought to the court's attention or not. Actually, 10 years ago, the order was entered, July 28, 1993. That's not so long ago. I do not know what was presented to Judge Rue. If there was a factual error that Ms. Campbell had, I mean, I think a period of appealing that order has passed, as far as the criminal period of time. This court has not reached the question of adopting the majority rule when all things are equal under the two statutes applying the Victim Witness Protection Act. Judge Holland reached that conclusion in his order, and it has been adopted by four other circuits. So that's a fourth element sort of leaning towards interpreting this restitution judgment under the Victim Witness Protection Act. The final point that the defendant has argued is that even if this is a restitution judgment that's enforceable under the Victim Witness Protection Act, which the government contends it is, her argument contends that it's expired because there was also probation ordered in conjunction with her sentence. I think this argument was rejected by this court in the Soderling opinion, where that opinion states that restitution is extinguished by satisfaction, not by the passage of time. And as Judge Holland dispensed with in his opinion, the section of the Victim Witness Protection Act that the defendant has cited is not applicable to the judgment in this matter. And if the court has no further questions, the government can rest. Thank you. Thank you, Your Honor. I'm going to give you a minute for your vote. If you'd like. Thank you, Your Honor. I do take issue with the last remark about the Soderling case standing for the proposition that under the Victim Witness Protection Act that the requirement of restitution can extend for 20 years. Again, that case goes on to refer and discuss decisions, other decisions like House and like Smith, which put the limit, where the court puts the limit on when to collect even under the Victim Witness Protection Act. That's a limit that the government is bound to. And so in this case, whichever act you decide applies here. It's still five years. It's still five years and it was done in, and during that period of time, the court had the ability to extend the period of probation if it wanted to, if it needed to. If Ms. Campbell couldn't pay and they needed to keep her on probation for another 10 years, they could have done that. But they can't wait after everything's over and done. Probation has been over now for four years and had been over for some time before any efforts were made to simply garnish money that was found in accounts. It's too late. Thank you. Thank you. The matter stands admitted.
judges: Pregerson, Canby, McKeown